18-3702
*United States v. Russell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> AMALYA L. KEARSE,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    18-3702

RASHEED BAILEY, AKA CIROC, WILLIAM BRYANT, AKA KENNY, KEVIN CHAVIS, JEFFREY CHILDS, AKA PAP, TYRONE GLADDEN, AKA TY BOOGIE, AKA TY ZOOTED, TRAVIS HARRY, AKA TRAV GAME, RICHARD HILL, MICHAEL JOHNSON, AKA AIR, KEVIN LEWIS, AKA ICE, DONTE MCGILL, TORELL NIUELDER, AKA YOUNG, AKA RELLI, TUQUAN ROGERS, AKA TAY, DONALD ROSE, LUKE BRYANT, AKA BERGER, KEVIN SAXON, AKA SAX, ANDREW SINGLETON, AKA DREW, SEON THOMAS, AKA CEE, AKA GOON, HENRY TRENTON, AKA KAY, AKA KELS, RENE

VELEZ, AKA WHITE BOY, TREVOR WATSON, AKA TREV WILD, TYLER WILLIAMS, AKA TY CRACKS,

*Defendants*,

JAMAL RUSSELL, AKA MALLY,

*Defendant-Appellant*.

_____

For Appellee:  ADAM HOBSON (Amanda Houle, Daniel B. Tehrani, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:  KENNETH CARUSO, White & Case LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jamal Russell appeals from a judgment of the United States District Court for the Southern District of New York (Woods, *J*.), sentencing Russell principally to 120 months' imprisonment after a jury convicted Russell of conspiracy to distribute and possess with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Russell first argues that the district court abused its discretion by admitting evidence that he committed an armed robbery at the Lincoln Houses on January 29, 2013. We disagree and

---

[1] The jury acquitted Russell of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2.

affirm the district court's ruling that the challenged evidence was admissible under Federal Rule of Evidence 404(b). Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id*. 404(b)(2). "The Second Circuit evaluates Rule 404(b) evidence under an inclusionary approach and allows evidence for any [proper] purpose other than to show a defendant's criminal propensity." *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002).[2] "To determine if the court properly admitted prior act evidence pursuant to Rule 404(b), we consider whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction." *Id.*

The district court correctly concluded that the challenged evidence was admissible to show Russell's opportunity to access firearms during the charged conspiracy and was relevant to both charges against him. This Court has regularly affirmed the admission of firearms possession to establish that the defendant had the opportunity to access firearms. *See United States v. Barrett*, 750 F. App'x 19, 23 (2d Cir. 2018); *United States v. Zappola*, 677 F.2d 264, 270 (2d Cir. 1982); *United States v. Robinson*, 560 F.2d 507, 513 (2d Cir. 1977) (en banc). Moreover, it was not error to conclude that the probative value of the evidence substantially outweighed the danger of unfair prejudice in this case. The district court issued a limiting instruction stating that the jurors "may

---

[2] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

not consider this evidence as proof that the defendant had a bad character or that he must have committed the crimes with which he is charged here because he was previously convicted of separate offenses." Dist. Ct. Dkt. No. 673, at 603:7-10. It further explained that Russell's possession of a firearm was not sufficient to convict him of possessing a firearm in furtherance of a drug trafficking crime. Under these circumstances, the district court did not err in admitting the challenged evidence.

Russell next argues that the district court committed procedural error in imposing its below-Guidelines sentence because it incorrectly (1) found him to be a career offender; (2) calculated the drug quantity attributable to him; and (3) applied an obstruction of justice adjustment under § 3C1.1 of the Sentencing Guidelines after finding that Russell had threatened a trial witness. We address these arguments in turn.

In reviewing these challenges, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). A district court commits procedural error where it improperly calculates the Sentencing Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Where a defendant fails to raise his procedural reasonableness challenge below, we review for plain error. *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019). "To establish plain error, a defendant must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights, which in the ordinary case means it affected the

4

outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* We, however, do not apply the plain error doctrine stringently in the sentencing context. *See United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012).

Russell argues for the first time on appeal that he *may* have withdrawn from the conspiracy when he was incarcerated on February 5, 2013, and therefore his subsequent January 26, 2015 convictions do not qualify as "prior" convictions necessary to qualify as a career offender under § 4B1.1(a) of the Guidelines. However, defense counsel affirmatively acknowledged that Russell qualified as a career offender under the Guidelines at sentencing. *See* App'x 213 ("By the technical letter of the law Mr. Russell is a career offender. There was no objection from the defense on that. No matter how much research I did, I couldn't find anything to refute that. The Second Circuit case law says that's what it is. Basically every case, every circuit."). Russell's challenge is therefore waived, and we do not address it. *See United States v. Thomas*, 54 F.3d 73, 82 (2d Cir. 1995).

Russell next argues that there was insufficient evidence for the district court to attribute between 112 and 196 grams of crack cocaine to him.[3] Russell likewise waived this factual challenge by failing to object to the drug quantity attributable to him at sentencing. *See United States v. Jass*, 569 F.3d 47, 66 (2d Cir. 2009) ("When a defendant fails to challenge factual matters contained in the presentence report at the time of sentencing, the defendant waives the right to contest them on appeal.").

---

[3] In his brief, Russell states that we need not address his arguments concerning drug quantity and the district court's application of an obstruction of justice adjustment if we affirm the district court's adjudication of Russell as a career offender. We nonetheless reach these arguments and reject them.

Finally, Russell argues that the district court made inadequate findings of fact to apply a two-level obstruction of justice adjustment under § 3C1.1 of the Guidelines. The district court found, after a *Fatico* hearing, that the government had established by a preponderance of the evidence that Russell "called [a cooperating] witness a rat and threatened to kill him" on multiple occasions. App'x 197. In doing so, the district court found the testimony of the witness at the *Fatico* hearing to be "fully credible." *Id.* at 196. Such findings of fact and credibility determinations are entitled to deference, and in these circumstances, we have no difficulty affirming the court's application of the adjustment. *See United States v. Agudelo*, 414 F.3d 345, 350-51 (2d Cir. 2005); *United States v. Gaskin,* 364 F.3d 438, 466 (2d Cir. 2004).

We have considered Russell's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6